I agree with the decision to deny this writ, and write separately to note that the court of appeal's action to reinstate the jury verdict was, in my view, eminently correct. As the court of appeal aptly noted in its first reversal of the trial court's grant of a JNOV in this case, the trial court ruling was an "absolute abuse of discretion." State v. Nabors , 52-163, p. 18 (La. App. 2 Cir. 7/19/18), 251 So.3d 1214, 1225, reh'g denied (8/6/18), writ denied , 18-1477 (La. 9/21/18), 252 So.3d 496. Further, because the jury's unanimous guilty verdict already withstood appellate review for sufficiency of evidence in the first instance, the trial court's underlying ruling at issue in this writ, which granted defendant's motion for a new trial, was in direct contravention to the first court of appeal ruling, made final by this Court's writ denial. Defendant was simply not entitled to another modification of the initial jury verdict on sufficiency of the evidence. Given the trial court's arguably contemptuous ruling, in my view, this trial judge may be required under the relevant code articles and canons to issue an order of self-recusal from this case with respect to resentencing of the defendant, any further direct action, and collateral review.